**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**PAUL C. VINCENT,
           Plaintiff,**

**vs.                                             3:10cv217/MCR/MD**

**SANTA ROSA COUNTY SCHOOL DISTRICT,
           Defendant.**

---

**REPORT AND RECOMMENDATION**

This case is before the court upon defendant's motion to dismiss and memorandum of law in support. (Doc. 14 & 15). Plaintiff has failed to timely respond in opposition to this motion, despite having been directed to do so. (Doc. 27).

**I. Background**

Plaintiff Paul C. Vincent sues Santa Rosa County School District ("the District") and Joyce McCorvey under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). (Doc. 6 at 4). Plaintiff, who was at one time employed by the District, alleges that he suffered discrimination on the basis of his gender (male), his race (white), his color (white) and his disability (speech impairment). (Doc. 6 at 3). Plaintiff indicates on the amended complaint form that the discrimination took place when defendant failed to hire plaintiff, terminated his employment, and subjected him to unequal treatment. Plaintiff filed a complaint with the EEOC and received a Notice of Right to Sue from the EEOC on May 21, 2010.

From the allegations in the complaint, it appears that plaintiff is a teacher with

ESE certification.[1] Plaintiff alleges that a black female without this certification was given preference for summer employment. The following academic year, another female teacher without this certification was hired. This led to the creation of a new position for a teacher with ESE certification. Plaintiff contends that the school had a lead teacher with no certification who was allowed to continue with his employment until that teacher could take the exams needed, although it is not clear whether this teacher was in the newly created position. With respect to his alleged disability, plaintiff asserts that he overheard conversations in which an individual identified as "the FA" stated that he did not like the way plaintiff talked. Plaintiff asserts that this was the reason he was not re-hired, despite having an exemplary rating in his program area.

Plaintiff admits on the complaint form that the defendant did not deny a request for reasonable accommodation. He asserts that he needed no accommodation, and his job performance was rated exemplary. (Doc. 6 at 6). As relief, plaintiff asks that defendants be directed to re-employ him, compensate him for lost wages and pay other expenses that may have occurred as a result of the discrimination.

Defendants move to dismiss the case as to defendant Joyce McCorvey, who they note is incorrectly identified by plaintiff as Joyce McCarvey, and to dismiss the ADA claim against the Santa Rosa County School District (the "District").

## II. Legal Standard for Motions to Dismiss

In ruling on a motion to dismiss, plaintiff's well-pled allegations are accepted as true and construed in the light most favorable to him. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009); *Oxford Asset Managment Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Furthermore, a pro se litigant's pleadings are held to a

---

[1] Plaintiff does not define this acronym, but it likely denotes "Elementary Special Education."

*Case No: 3:10cv217/MCR/MD*

less stringent standard than those drafted by an attorney. *See, e.g., Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Nonetheless, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not insulate a complaint from dismissal. *Ashcroft v. Iqbal,* 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Jaharis*, 297 F.3d at 1188; *Sinaltrainal*, 578 F.3d at 1260. The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Iqbal,* 129 S.Ct. at 1950; *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-1969, 1974 (2007) (retiring the "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *LeFrere v.* Quezada, 582 F.3d 1260, 1263 (11th Cir. 2009); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

### III. Plaintiff's claims against Joyce McCorvey

Plaintiff names Joyce McCorvey, who defendant speculates was plaintiff's supervisor, in his complaint and alleges violations of the ADA and Title VII against her. To the extent he sues Ms. McCorvey in her individual capacity, the Eleventh Circuit , has expressly held that neither Title VII nor the ADA permits the imposition of liability on individuals in their individual capacity. *See, e.g., Albra v. Advan, Inc.*, 490 F.3d 826, 829-830 (11th Cir. 2007); *Mason v. Stalling*, 82 F.3d 1007, 1009 (11th Cir. 1996); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). And, to the extent he sues Ms. McCorvey in her official capacity, his claims against her must be dismissed because he has also asserted a claim against her employer, and therefore such a claim is redundant. See *Adams v. Cobb County School District*, 242 Fed.Appx. 616, 617 (11th Cir. 2007); *Busby*, 931 F.2d at 776.

### IV. Plaintiff's ADA Claims against the District

Plaintiff makes the same Title VII and ADA claims against the District. The

defendants argue that plaintiff's ADA claim against the District is also subject to dismissal because he has failed to plead sufficient facts to establish a prima facie claim.

In order to establish a prima facie case of disability discrimination under the ADA, a plaintiff must show that: (1) he has a disability; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability. *Holly v. Clairson Industries, L.L.C.,* 492 F.3d 1247, 1255-1256 (11th Cir. 2007); *Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir. 1996). Plaintiff may establish that he has a disability in one of three ways. He must allege either (1) the existence of a physical or mental impairment which substantially limits one or more of his major life activities, or (2) or a record of such an impairment, or (3) that he is regarded as having such an impairment. 42 U.S.C. § 12102(1); *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1225 (11th Cir. 2005). In this case plaintiff has not alleged that his physical impairment "substantially limited" one or more of his major life activities or that he had a record of such a limiting impairment. Instead, plaintiff alleges that he received exemplary ratings despite this alleged impairment. Plaintiff's case appears to rest on the third prong of the test, that he was "regarded as having such an impairment."

Plaintiff states in his amended complaint that he overheard conversations that the FA[2] had with others in which the FA remarked that he "did not like the way [plaintiff] talks." (Doc. 6 at 5). Plaintiff speculates that this is the reason he was not rehired. (*Id.*). Under the ADA, an individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to a prohibited employment action "because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). A comment that

---

[2]Neither the meaning of the acronym FA nor the identity of this person is apparent from the complaint. Clearly plaintiff does not refer to Joyce McCorvey; from the context of the complaint it is clear that the FA is a male.

someone does not like how someone else talks, even if referring to a speech impediment rather than a manner or communication, is not necessarily equivalent to regarding that person as having a physical or mental impairment. And, even if the FA regarded the plaintiff as having an impairment, there are no allegations in the complaint to suggest that this person was involved in the decision not to rehire the plaintiff. Therefore, as presented, plaintiff fails to state an ADA claim against the District, and this claim should be dismissed.[3]

      **Accordingly, it is respectfully RECOMMENDED:**

**That the defendants' motion to dismiss (doc. 14) be GRANTED as follows:**

      **(1) The claims against defendant Joyce McCorvey should be dismissed with prejudice and Ms. McCorvey should be dismissed as a defendant in this action.**

      **(2) The plaintiff's ADA claim against the District should be dismissed without prejudice; and.**

**That this case be referred back to the undersigned for further proceedings with respect to plaintiff's claims against the District.**

      **At Pensacola, Florida, this 1ST day of November, 2010.**


      /s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

---

[3] Dismissal should be without prejudice so that plaintiff may, after consideration of the legal standards outlined herein, chose to move for leave to file a second amended complaint. Plaintiff should note that the Local Rules of this court provide that the proposed amended pleading must accompany the motion for leave to amend. N.D.Fla. Loc.R. 15.1

*Case No: 3:10cv217/MCR/MD*

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**